[No. 17656.    Department One.    February 21, 1923.]

NELLIE PRATER, *formerly Nellie Hall, Appellant,* v. ANITA J. HOUSTON *et al., Respondents.*[1]

ASSIGNMENT FOR CREDITORS (9-11)—FRAUDULENT CONVEYANCES (74)—RIGHTS OF CREDITORS—LACHES. A creditor is estopped by laches from asserting that an assignment for the benefit of creditors was fraudulent as to creditors, where, with knowledge of the facts, nothing was done while the ·assignee took possession and administered the trust for the benefit of creditors and it was impossible to restore the *status quo.*

Appeal from a judgment of the superior court for King county, Jurey, J., entered July 31, 1921, dismissing an action for equitable relief, tried to the court. Affirmed.

*C. T. Hardinger,* for appellant.

*Roberts & Skeel* and *Frank A. Steele,* for respondents. .

MACKINTOSH, J.—This is an action brought to set aside conveyances from the defendant Houston to the defendant Skeel, on. the ground the conveyances are void, having been made for the purpose of hindering and defrauding the plaintiff, a creditor of Mrs. Houston.

In 1909, Hainsworth and wife (now Mrs. Houston) sold to the plaintiffs and to others, among them the attorney for the plaintiffs, a number of monthly payment real estate contracts, and in the sale agreed to repay to the purchasers of the contracts the balance due them in case the vendees named in the contracts should not complete the payments. In 1919, the Hainsworths were the owners of the capital stock of the Hainsworth Motor Company, a corporation, and in

[1]Reported in 212 Pac. 1064.

December of that year sold and conveyed the business assets of the corporation to Hainsworth and wife, as individuals. In May, 1920, the Hainsworths were divorced, and in the property settlement which accom-panied the divorce, Mrs. Hainsworth was given a bill of sale to the automobile business, which contained this provision: "This conveyance is subject to all the debts and obligations whatsoever of said Hainsworth Motor Company and J. Walter Hainsworth." Mrs. Hains-worth, as sole trader, continued to carry on the auto-mobile business for several months, and in October, 1920, all the new automobiles and certain furniture and fixtures and the lease upon the premises where the new business had been conducted were sold to the Oldsmo-bile Motor Company. Mrs. Hainsworth retained the used car business and the accounts receivable, notes, contracts and lease upon the building where the used car business was conducted, and at that time an agree-ment was entered into between the Oldsmobile Com-pany and Mrs. Hainsworth whereby the remaining assets of the business retained by Mrs. Hainsworth, with the cash proceeds of the sale of the new car busi-ness, were placed in the hands of Mr. Skeel until all the debts of the automobile business should be dis-charged. This agreement provided that Mrs. Hains-worth was to receive from the proceeds of these assets turned over to Mr. Skeel $4,000 to be used for her own purposes. Mr. Skeel proceeded under the agreement to handle the matters entrusted to him, which develop-ed many complications and necessitated his pledging his own personal credit for the discharge of many obligations which were unknown to him at the time of his receiving the property for administration.

This action attacks the validity of this transaction,

claiming that it was fraudulent and void, and that Mrs. Hainsworth, under the bill of sale from her husband, became a trustee, and was therefore without power to prefer her creditors; and, moreover, that the conveyances were made in fraud of creditors. The trial court having entered judgment against the appellant, this appeal has been prosecuted.

Many legal questions are raised in the briefs which we find it unnecessary to decide, and we assume, without deciding, that the conveyance to Mr. Skeel was void as against the appellant, under § 5824, Rem Comp. Stat., which reads as follows:

"All deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, shall be void as against the existing or subsequent creditors of such person."

Yet, with this assumption, the appellant clearly is not entitled to recover, for the testimony shows that the attorney for the appellant in this action received from Mr. Skeel payment of a judgment based on a claim similar to that of the appellant; that the trust has been administered and has resulted beneficially to creditors; that it would be impossible to restore the *status quo;* that the appellant is charged with notice of what was being done, and that it would be inequitable to now allow the plaintiff to prevail; for, as the trial court said:

"Another feature of the case I think in itself sufficient to defeat the plaintiff's action, and that is estoppel or at least laches on the part of the plaintiff. One who would upset a transaction such as is involved in this instance should act promptly. Whatever may be said of the nature or character of the transaction, it is shown by the evidence that defendant Skeel took over the properties and openly proceeded to reduce

the same to cash and pay the debts of the favored creditors, and has so disposed of the greater portion of the properties, and in so doing complications have arisen and he has assumed or incurred personal liability to such an extent that to now disrupt the transactions would create an interminable tangle, the result or effect of which it is impossible to estimate, and create a condition unfair to all concerned, and I seriously doubt that plaintiff herself would receive any substantial benefit therefrom, and such as she might receive thereby would be at a sacrifice to others which should not be imposed upon them. I think the plaintiff is shown to have been at least charged with knowing what was done and being done, and that her failure to act promptly in itself, now estops her from prosecuting this action.''

For the reasons stated, the judgment is affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.